UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOYCE FOX                                                                                           PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:11-cv-387-CRS

DEPUY ORTHOPAEDICS, INC. et al.                                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motions of the plaintiff, Joyce Fox ("Plaintiff") to remand this action to Jefferson County Circuit Court (DN 8), for an expedited hearing on Plaintiff's motion to remand (DN 9), and motion of the defendants, Depuy Orthopaedics, Inc., Depuy, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson[1] (collectively, "Defendants"), to stay all proceedings pending transfer to MDL No. 2197 (DN 7). For the following reasons, Defendants' motion to stay will be granted.

Plaintiff brought this products liability action in Jefferson County Circuit Court alleging theories of strict liability, negligence, breach of implied warranty of merchantability, and violations of the Kentucky Consumer Protection Act, involving an allegedly defective ASR Hip Implant device. Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441, alleging diversity of citizenship existed between the parties because Orthopaedic Partners, LLC was fraudulently joined by Plaintiff.

---

[1] Incorrectly captioned as Johnson & Johnson, Inc.

The Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a conditional transfer order transferring this action pursuant to 28 U.S.C. § 1407. In the lawsuit entitled *Bringham v. DePuy Orthopaedics, Inc., et al.* (N.D. Cal., Case No. 3:10-cv-3886), the plaintiff filed a motion with the MDL Panel for consolidation of pretrial proceedings. The MDL Panel entered an order assigning *DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* to the Honorable David A. Katz of the United States District Court for the Northern District of Ohio. Defendants provided the MDL Panel with notice of this action pursuant to the "tag-along" procedure and the MDL Panel issued the conditional transfer order transferring this action to Judge Katz. Plaintiffs have filed a motion to remand (DN 8) and objection to Defendant's motion to stay all proceedings (DN 9), arguing that this court should rule on her remand motion before a MDL Panel final transfer decision is made.

Whether to grant a stay of proceedings pending a final ruling of the MDL Panel on the transfer of a case is within the inherent power of the court and is discretionary. *Tolley v. Monsanto Co.*, 591 F.Supp.2d 837 (S.D. W.Va. 2008); *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 U.S. Dist. LEXIS 64420, *2 (N.D. Ill. July 27, 2009); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, counsel and for litigants"); *Ohio Environment Council v. U.S. Dist. Court, Southern Dist. Of Ohio, Easter Div.*, 565 F.2d 393, 396 (6th Cir. 1977). While some courts choose to rule on pending motions to remand prior to the MDL Panel's decision on transfer, other courts choose to grant a stay, even if a motion to remand has been filed. *Tolley*, 591 F.Supp.2d at 844. A motion to dismiss or to remand, if it "rais[es] issues unique to a particular case, may be particularly appropriate for resolution before

the [MDL] Panel acts on the motion to transfer. *Id*. (citing Manual for Complex Litigation (Fourth) 20.131 at 221). However, "judicial economy is served by a stay pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Ayers v. ConAgra Foods, Inc*., 2009 WL 982472, *1 (S.D. Tex. 2009). "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

The MDL Panel has already issued a Transfer Order transferring eight products liability cases pending in this district against Defendants and Orthopaedic Partners to Judge Katz. Each case had remand motions pending involving the same issue raised in Plaintiff's motion to remand, namely, whether Orthopaedic Partners had been fraudulently joined under Kentucky law.[2] In those cases, the plaintiffs objected to the transfer, but the MDL Panel rejected the objections, stating that "Plaintiffs in these actions can present their motions for remand to the transferee judge." *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*, MDL No. 2197, DN 732 at 1 (J.P.M.L. August 9, 2010) (citing *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig*., 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001)). Most recently, Judge McKinley stayed all proceedings and declined to decide a plaintiff's motion to remand in another action against Defendants in the Western District of Kentucky, because a conditional transfer order was pending before the MDL Panel. *See Vincent v DePuy Orthopaedics, Inc., et al*, Case No. 1:11-

---

[2]*See Johnson v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-45 (W.D. Ky.); *Carnes v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-46 (W.D. Ky.); *McElwayne v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-47 (W.D. Ky.); *Lacey v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-48 (W.D. Ky.); *Humphrey v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-49 (W.D. Ky.); *Thomas v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-50 (W.D. Ky.); *Kimbro v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-51 (W.D. Ky.); *Bryson v. DePuy Orthopaedics, Inc., et al*, Case No. 5:11-cv-52 (W.D. Ky.).

cv-102 (W.D. Ky.). The case involved the same fraudulent joinder at issue here and Judge McKinley held that "staying the present action pending the MDL Panel's final transfer decision [would] prevent inconsistent pretrial rulings and promote judicial efficiency." *Id*.

It would unnecessarily duplicate work and potentially lead to inconsistent results if this court were to rule on Plaintiff's motion to remand before the MDL Panel's final decision. With at least eight pending motions for remand involving the exact same fraudulent joinder issue under Kentucky law currently pending in MDL No. 2197, "it is clear that the transferee court will be well-equipped to make an informed and uniform decision on all of these motions to remand" to the Kentucky state court. *Camara v. Bayer Corp.*, 2010 WL 902780, *2 (N.D. Cal. March 9, 2010). Therefore, the court concludes that all proceedings should be stayed pending the MDL Panel's final transfer decision..

An order consistent with this opinion will be entered this date.

December 2, 2011

Charles R. Simpson III, Judge
United States District Court